IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WALTER R. ROULE,

    Plaintiff,

  v.

DAVID PETRAEUS, Director of the Central Intelligence Agency,

    Defendant.
_____/

No. C 10-04632 CW

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

## INTRODUCTION

Plaintiff, suing as Walter Roule, brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e *et seq.*, against Defendant David Petraeus, Director of the Central Intelligence Agency (CIA), for national origin discrimination and retaliation.  Plaintiff claims that Defendant violated Title VII by harassing him, discriminating against him, and failing to promote him, based on the national origin of his spouse.  Defendant has moved to dismiss the case, Plaintiff has filed an opposition, and Defendant has filed a reply to the opposition.  For the reasons stated below, the Court DENIES the motion to dismiss.

## BACKGROUND

Plaintiff began his employment as a clandestine agent with the CIA in January 2004. He worked a "hybrid position" within the Northern District of California beginning September 2005. Plaintiff's wife is a Taiwanese national of Asian ethnicity.

1  Plaintiff alleges that, from December 14 through December 20, 2006, his supervisor used CIA communications systems to "knowingly" make "discriminatory, defamatory, and false statements about Plaintiff and his activities," based on the national origin of his spouse.  He alleges that, on December 20, 2006, his supervisor continued to harass him by threatening to remove him from his assignment in the Northern District of California and stating the negative effect that the removal would have on Plaintiff's spouse.  Plaintiff further alleges that his supervisor intimidated him with threats of retaliation and prevented him from addressing the harassment and discrimination by threatening to take away his covert communication system.

Plaintiff alleges that on January 8, 2007, his supervisor told him he was on "Double Secret Probation" and refused to authorize him for operational travel, denying him the opportunity to perform his job duties.  He claims that others with Caucasian wives were not denied these opportunities.  Plaintiff alleges that his supervisor continued to prevent him from performing operational travel from February 2007 through June 2007.

Plaintiff alleges that he suffered disparate and discriminatory treatment on August 17, 2007, when he was assigned to a second domestic tour rather than being assigned to an overseas tour, to which Plaintiff's co-workers who had Caucasian wives were assigned.  Plaintiff alleges that his supervisor interfered with this second domestic tour, causing the assignment to be revoked and cancelled without explanation on September 26, 2007.  Plaintiff's complaint states that none of the aforementioned co-workers' assignments were cancelled.

2

1    Plaintiff pleads that he submitted a second complaint to CIA
2 management on September 26, 2007.  He never states when he
3 submitted a first complaint or that he saw an EEO counselor before
4 submitting his complaints, as required by 29 C.F.R. section
5 1614.105(a).  He states that he forwarded his complaint to the
6 Inspector General's Office the next day, September 27, 2007, to
7 seek remedial and corrective action.  Plaintiff alleges that his
8 supervisor responded to the complaint by revoking Plaintiff's
9 security clearance over non-secure phone lines on October 5, 2007,
10 and by telling all of Plaintiff's co-workers that their careers
11 would be negatively impacted if they participated in the agency's
12 investigation.  Plaintiff states that on October 11, 2007,
13 management informed him that he was unsuitable for further
14 assignment because an unnamed co-worker reported to management
15 that Plaintiff planned to pursue a complaint and seek redress.
16 Plaintiff does not allege when this co-worker's report was made.
17    Plaintiff makes his claim for national origin discrimination
18 based on Defendant's alleged: (1) failure to promote Plaintiff;
19 (2) harassment of and discrimination against Plaintiff due to the
20 national origin of his spouse; and (3) less favorable treatment of
21 Plaintiff in the terms, privileges, and conditions of his
22 employment compared to similarly situated co-workers with
23 Caucasian spouses.
24    The motion states three grounds for dismissal of the action:
25 First, Defendant argues that Plaintiff's retaliation claim is
26 barred because he failed to exhaust administrative remedies
27 available to him.  Second, Defendant argues that Plaintiff did not
28 seek Equal Employment Opportunity (EEO) counseling until October

3

24, 2007, failing to exhaust claims that may have existed prior to September 9, 2007 (outside of the forty-five day limit).  Third, Defendant contends that Plaintiff fails to state facts sufficient to state a claim upon which relief can be granted, and that he is not part of a protected class.  Defendant argues that national origin discrimination must occur as a result of the national origin of the plaintiff, not his spouse.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

## DISCUSSION

I. Retaliation Claim and Administrative Exhaustion

Defendant argues that Plaintiff's retaliation claim must be dismissed because he failed to exhaust his administrative remedies as to that claim.  According to the declaration of Sheryl J.

4

Brown-Norman, Plaintiff did not specifically plead the theory of retaliation in his claims with the EEO counselor. Brown Dec. at ¶¶ 6-7. The three issues he specifically set forth were (1) the systematic diminution of his job duties by his supervisor from December 2006 to November 2007, which he claims prevented him from being eligible for promotions and assignments while co-workers with Caucasian wives were allowed to perform their duties; (2) the cancellation of his overseas assignment on September 26, 2007 while co-workers with Caucasian wives were allowed to pursue overseas assignments; (3) management's failure to follow CIA regulations requiring investigation and prevention of the alleged harassment and discrimination.

The failure to raise a particular issue in administrative proceedings results in a failure to exhaust administrative remedies with respect to that issue, unless it is "like or reasonably related to" the allegations raised administratively. Ong v. Cleland, 642 F.2d 316, 320 (9th Cir. 1981). A claim of retaliation requires a plaintiff to demonstrate that: (1) he or she engaged in protected activity; (2) he or she was subjected to adverse employment action; and (3) there is a causal link between the protected complaint and the adverse treatment. See Hashimoto v. Dalton, 118 F.3d 671, 680 (9th Cir. 1997). Protected activity need not amount to a formal EEO complaint and can extend to the intention to participate in statutory proceedings. See EEOC v. Luce, Forward, Hamilton & Scripps, 303 F.3d 994 (9th Cir. 2002); Gifford v. Atchison, Topeka and Santa Fe Ry. Co., 685 F.2d 1149, 1155 (9th Cir. 1982). Plaintiff engaged in protected activity when he complained to agency management, including the submission

5

1 of his second complaint on September 26, 2007.  Retaliation may be
2 considered reasonably related to discrimination and harassment
3 claims if adverse actions were taken in response to protected
4 activity such as: (1) "the employee's opposition to conduct made
5 an unlawful employment practice by [Title VII]," or (2) "the
6 employee's participation in the machinery set up by Title VII to
7 enforce its provisions."  Hashimoto, 118 F.3d at 680 (citing
8 Silver v. KCA, Inc., 586 F.2d 138, 141 (9th Cir. 1978)).  Although
9 he did not include retaliation as a part of his formal EEO
10 complaint, it is "like or reasonably related to" the claims he did
11 exhaust.  Plaintiff may pursue a retaliation claim based on
12 adverse actions taken after his September 26, 2007, complaint.

13 II. Incidents Prior to the Forty-Five Day Time Limit

14 Defendant argues that Plaintiff failed to meet the
15 administrative deadline for claims based on events that occurred
16 before September 9, 2007.  Federal employees must seek out an EEO
17 counselor within forty-five days of an incident to pursue a claim
18 of discrimination.  Plaintiff acknowledges he did not see an EEO
19 counselor until October 24, 2007, but he argues that claims based
20 on alleged discriminatory conduct occurring prior to the forty-
21 five day limitations period should not be dismissed because the
22 conduct was ongoing and constituted a systematic pattern of
23 discriminatory conduct.

24 The Ninth Circuit has ruled that a "continuing violation may
25 thus be established . . . by demonstrating a series of related
26 acts against a single individual."  Green v. Los Angeles Cty.
27 Superintendent of Schools, 883 F.2d 1472, 1480 (9th Cir. 1989).
28 If the alleged incidents are found to be sufficiently related,

6

they may come within the limitations period.  See <u>Draper v. Coeur Rochester, Inc.</u>, 147 F.3d 1104, 1108 (9th Cir. 1998) (quoting <u>Huckabay v. Moore</u>, 142 F.3d 233, 240 (5th Cir. 1998), to explain that the continuing violation doctrine "will render a complaint timely as to a course of conduct only if the complaint is timely as to the most recent occurrence").  The latest occurrence of discrimination alleged is the October 11, 2007, cancellation of Plaintiff's second domestic assignment.  Plaintiff alleges this occurred when an unnamed coworker reported to management that Plaintiff intended to seek redress for discrimination.  Plaintiff also alleges acts of discrimination that occurred prior to the time limit.  These acts include the December 2006 threat to remove him from his Northern California assignment, the January 2007 placement on double secret probation, and prevention of operational travel from February 2007 to June 2007.  Plaintiff argues that these acts are related to the most recent occurrence because they are part of an ongoing effort to discriminate against him and harm his career on the basis of his wife's race and national origin.  Plaintiff's claims based on the alleged conduct that occurred before September 9, 2007, are not dismissed.

III. Failure to State a Claim Upon Which Relief May Be Granted

Defendant argues that the Court must dismiss the portion of Plaintiff's interference claim that comes within the forty-five day time limit because it fails to allege sufficient factual content.  Defendant argues that Plaintiff fails to state specifically what sort of interference occurred or to provide a coherent theory on the result of the alleged interference. Plaintiff has plead facts that go beyond mere conclusory

7

allegations. He alleges ways in which his treatment differed from the treatment of his co-workers who were married to Caucasians and the negative impact that this purported treatment had on his career opportunities.

IV. Plaintiff's Status as a Member of a Protected Class

In construing Title VII, courts customarily give deference to the constructions accorded to the Act by the EEOC, which is charged by Congress with the duty of interpreting, administering, and enforcing it. McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 286-87 (1976). EEOC decisions consistently have held that an employer who takes adverse action against an employee because of interracial association violates Title VII. See Decision No. 79-03, 1983 EEOC Dec. (CCH) ¶ 6734 (Oct. 6, 1978) (while evidence did not support the allegation, it was recognized that an interracial relationship could be the basis for a Title VII claim); Decision No. 71-1902, 1973 EEOC Dec. (CCH) ¶ 6281 (April 29, 1971) (charging party's interracial dating was a factor in discharging her and thus presented a Title VII claim); Decision No. 71-909, 3 F.E.P. 269 (1970) (Title VII applied to a white employee's claim that he was discharged because of associations with African-American employees).

Courts in the Central District of California and the Southern District of New York have recognized that interracial association can serve as the basis for a suit under Title VII. See Chacon v. Ochs, 780 F. Supp. 680, 681 (C.D. Cal. 1991) (holding that Title VII prohibits discrimination based on interracial association); Whitney v. Greater New York Corp. of Seventh-Day Adventists, 401 F. Supp. 1363, 1366-67 (S.D.N.Y. 1975) (reasoning that if a white

8

plaintiff was discharged because defendant disapproved of her relationship with a black man, plaintiff's race was "as much a factor in the decision to fire her as that of her friend."). Plaintiff's claim thus does not fail, at least as a matter of law, on the basis that he is not part of a protected class under Title VII.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated:   11/28/2011

CLAUDIA WILKEN
United States District Judge